## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBERT E. COTNER, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| STATE OF OKLAHOMA, RON | ) | |
| ANDERSON, Attorney; JUSTIN JONES, | ) | Case No. CIV-09-239-HE |
| Director, ODOC; DYANNA PRICE; | ) | |
| OKLAHOMA BOARD OF CORRECTIONS; | ) | |
| PAROLE BOARD; STATE COURTS; and | ) | |
| GENESE MCCOY, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, has filed this action alleging violations of state laws, federal laws and the Constitution by numerous defendants. There are nine pending motions.  Two of the motions seek appointment of counsel [Doc. ##25, 29].  Two motions seek orders compelling production of various documents and allowing other discovery [Doc. ##28, 31].  Plaintiff has filed motions seeking declaratory judgment [Doc. #30] and requesting the Court to order the United States Marshals to investigate alleged seizure of legal mail [Doc. #34].  Plaintiff seeks injunctive relief to prevent his transfer to another facility and to require his return to the general population [Doc. #35].  Plaintiff also seeks an emergency temporary injunction against Defendant Price [Doc. #36]. Finally, Plaintiff seeks "clarification" of the amount of his filing fee. *See* Motion to Clarify by the Court [Doc. #39].  The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

An initial review of the Amended Complaint [Doc. #24][1] has been conducted pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B) (pertaining to *in forma pauperis* proceedings).  It is recommended that the Amended Complaint be dismissed *sua sponte* for failure to state a claim upon which relief may be granted.  It is further recommended that the dismissal be counted as a "prior occasion" or "strike" pursuant to 28 U.S.C. § 1915(g).  It is recommended that Plaintiff's motions for injunctive relief be denied.  It is recommended that Plaintiff's motions requesting appointment of counsel, discovery, and an investigation of the legal mail system be denied.  Finally, it is recommended that Plaintiff's Motion to Clarify by Court be granted.[2]

## I.   **Grounds for *Sua Sponte* Dismissal**

In determining whether dismissal of a complaint is proper for failure to state a claim upon which relief may be granted, the Court must take all well-pleaded factual allegations

---

[1]Plaintiff filed his Amended Complaint pursuant to this Court's Order of March 25, 2009.  Plaintiff's initial documents [Doc. ##1, 4, 12, and 13] were stricken, and Plaintiff was given a sufficient period of time to file the Amended Complaint on the court-approved form.  Plaintiff was also warned that he must comply with Fed. R. Civ. P. 8(a).  This Court's initial review is limited to Plaintiff's Amended Complaint and the pending motions.  The documents which have been stricken are not subject to this review.  *See Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007) ( "[A]n amended complaint supercedes an original complaint and renders the original complaint without legal effect[.]") (internal quotations and citations omitted).

[2]Plaintiff seeks clarification about his filing fee.  The $350 filing fee is required by statute:

The clerk of each district court shall require the parties instituting **any** civil action, suit or proceeding in such court, whether by original process, removal, or otherwise, to pay a filing fee of $350, except that on application for a writ of habeas corpus the filing fee shall be $5.

28 U.S.C. § 1914(a) (emphasis added).

as true and view those facts in the light most favorable to the plaintiff.  Dismissal is proper

if, taking those facts as true, the plaintiff fails to present a plausible right to relief.  *Robbins*

*v. Oklahoma*, 519 F.3d 1242, 1247-1248 (10th Cir. 2008); *see also Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007).  "The burden is on the plaintiff to frame a 'complaint

with enough factual matter (taken as true) to suggest' that he or she is entitled to relief."

*Robbins*, 519 F.3d at 1247 (*quoting Twombly*, 550 U.S. at 556).  "[B]are assertions"

consisting of "nothing more than a 'formulaic recitation of the elements' of a constitutional

. . . claim," however, "are conclusory and not entitled to be assumed true." *Ashcroft v. Iqbal*,

___ U.S. ___, 129 S.Ct. 1937, 1951 (2009) (*citing Twombly*, 550 U.S. at 554-555).  Rejection

of "bald allegations" of constitutional violations is not based "on the ground that they are

unrealistic or nonsensical."  *Id.*  Rather, it is the conclusory nature of the allegations, even

those that are not "extravagantly fanciful [in] nature," that "disentitle [them] to the

presumption of truth."  *Id.*  Where, as here, the litigant appears *pro se*, the Court construes

the complaint liberally.  *Haines v. Kerner*, 404 U.S. 519 (1972).

## II.    Plaintiff's Claims and Requests for Relief

Plaintiff's Amended Complaint consists of a rambling, jumbled, repetitive and largely

conclusory litany of alleged violations of statutory and constitutional rights.  Some of the

relief Plaintiff seeks is relief that this Court is not authorized to grant.

According to Plaintiff, the jurisdictional bases for this action include 29 U.S.C.

§ 794(a); 42 U.S.C. § 1981; 42 U.S.C. §12132; 12 U.S.C. § 3401-22; the First, Fifth, Eighth

and Fourteenth Amendments; and unspecified state law as "pendant [sic] jurisdiction."

Amended Complaint at 4.  Plaintiff contends that this action "is not a 'true' [42 U.S.C. § 1983] action but ADA/Inst. Persons Act – Action."  Amended Complaint at 2.

None of the claims in Plaintiff's Amended Complaint could be based on 29 U.S.C. § 794, which prohibits disability-based discrimination in the administration of federal grants and programs.  Section (a) provides in relevant part:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794(a).  Plaintiff has not alleged that he has been excluded from participation in any program or activity receiving Federal financial assistance or any program conducted by an Executive Agency or the United States Postal Service.  Therefore, this statute does not provide a jurisdictional basis for this action.

Discrimination based on race is prohibited by 42 U.S.C. § 1981 which provides in relevant part:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for security of persons and property as is enjoyed by white citizens[.]

42 U.S.C. § 1981(a).  Plaintiff does not allege that he has been discriminated against because of his race, nor does he allege that he is a member of a protected class.  Therefore, this statute does not provide a jurisdictional basis for this action.

4

Under 12 U.S.C. §§ 3401-3422, financial institutions are obliged to protect a person's right to financial privacy. "Financial institution" is statutorily defined as "any office of a bank, savings bank, card issuer . . . industrial loan company, trust company, savings association, building and loan, or homestead association . . . credit union, or consumer finance institution[.]" 12 U.S.C. § 3401(1). Plaintiff has not named any such entity as a defendant in this action. Therefore, this statute, too, is inapplicable.

The Americans with Disabilities Act (ADA) prohibits public entities from discriminating against qualified individuals with disabilities. The ADA is applicable to prisons and prisoners. *See Pennsylvania Department of Corrections v. Yeskey*, 524 U.S. 206, 210 (1998) (holding that "[s]tate prisons fall squarely within the statutory definition of 'public entity,' which includes 'any department, agency, special purpose district, or other instrumentality of a State or States or local government'" (*quoting* 42 U.S.C. § 12131(1)(B))). To state a claim under the ADA, however, a plaintiff must allege that (1) he is a qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability. *See Robertson v. Las Animas County Sheriff's Dept.*, 500 F.3d 1185, 1193 (10th Cir. 2007). Plaintiff claims that "all Defendants discriminate against Plaintiff because of his . . . disabilities and handicaps." Amended Complaint at 4. Plaintiff does not identify his disabilities and handicaps, however, nor does he identify specific services, programs or activities from which he has been excluded. Plaintiff's conclusory allegations are not entitled to a presumption of

truth.  *See* discussion *supra* at 2-3; *see also Ashcroft v. Iqbal*, 129 S.Ct. at 1951.  Plaintiff has

not, therefore, stated a claim under the ADA.

Despite Plaintiff's assertion to the contrary, the alleged violations of rights under

amendments to the United States Constitution are properly brought pursuant to 42 U.S.C.

§ 1983 which states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom,
> or usage, of any State or Territory or the District of Columbia, subjects, or
> causes to be subjected, any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any rights, privileges, or
> immunities secured by the Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other proper proceeding for
> redress[.]

Because this Court liberally construes a *pro se* Plaintiff's claims, Plaintiff's constitutional

claims will be analyzed using the well-established principles governing § 1983 claims.

Finally, Plaintiff contends that he has raised unspecified claims based on alleged

violations of Oklahoma State law and the "Statehood Charter."  Amended Complaint at 1,

4 and 7.  Here, too, Plaintiff's conclusory allegations do not state a claim upon which relief

may be granted.  Moreover, under federal law, the "district courts may decline to exercise

supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over

which it has original jurisdiction." 28 U.S.C. § 1367(c).  "Section 1367 thus expressly grants

the court discretion to dismiss the supplemental state law claims as well."  *Tonkovich v.*

*Kansas Bd. of Regents*, 254 F.3d 941, 945 (10th Cir. 2001).  In this case, none of the factors

which might counsel retention of the pendent state claims, such as "judicial economy,

convenience, and fairness," *Anglemyer v. Hamilton County Hosp.*, 58 F.3d 533, 541 (10th Cir.

1995), are present.  It would, therefore, be appropriate for this Court to decline to exercise supplemental jurisdiction over Plaintiff's state law claims if Plaintiff's federal claims are dismissed, and dismissal of Plaintiff's state law claims is recommended.

Plaintiff seeks the following relief: (1) an order requiring Defendants to "take no more than 20% of Plaintiff's funds to be paid on co-pay" and a reduction in the co-pay to a portion of the actual costs;[3] (2) an order compelling Defendants to apply Okla. Stat. tit. 57, § 332.7(A) to Plaintiff's sentences; (3) declaratory judgment enforcing "[accrued] rights Plaintiff had upon his sentencing to Defendants;" (4) an order requiring Defendants to reverse and expunge all misconducts in Plaintiff's records; (5) an order requiring Defendants to provide "proper medical and mental health services;" (6) an order requiring Defendants to fix the allegedly poison water supply or furnish Plaintiff an alternative; (7) an order requiring Defendants to "allow access and due process in all state courts and misconducts;" (8) an order requiring Defendants to apply all 10th Circuit and U.S. Supreme Court holdings to Plaintiff's conviction and sentences if they benefit him in any way; (9) an order requiring the state courts to entertain a new direct appeal of Plaintiff's state conviction in Case No. CRF-91-194 "without hampering or interference by state actors" or to allow and hear on the

---

[3]The order Plaintiff seeks would directly interfere with prison administration – a course of action which Federal courts are hesitant to take.  Absent a prison regulation's impingement on a constitutional right, federal courts "are without power to supervise prison administration or to interfere with the ordinary prison rules or regulations." *Banning v. Looney*, 213 F.2d 771, 771 (10th Cir. 1954).

merits a state habeas corpus with counsel appointed to assist Plaintiff.  Amended Complaint at 6.

## III.   Analysis of Claims

### A.   Count I

#### 1.   Retaliation

Plaintiff first contends that Defendants Anderson, Jones, and other DOC employees have retaliated against him for "trying" to file this lawsuit by filing a "bogus class X misconduct in October 1997."   Amended Complaint at 4.   To state a valid claim of retaliation, a plaintiff must "allege specific facts showing retaliation [on account] of the exercise of the prisoner's constitutional rights," *Frazier v. Dubois*, 922 F.2d 560, 562 n. 1 (10th Cir.1990), and "prove that 'but for' the retaliatory motive, the incidents to which [the inmate] refers, including the disciplinary action, would not have taken place."   *Smith v. Maschner*, 899 F.2d 940, 949-50 (10th Cir. 1990).   Plaintiff alleges no facts supporting the proposition that he would not have been charged with misconduct over ten years ago but for his trying to file this case.   Plaintiff's conclusory allegation does not state a plausible claim that Defendants have retaliated against him for his attempt to access the courts.[4]   Even if

---

[4]Plaintiff also states that his First Amendment rights have been violated by Defendants "retaliating against [him] by giving [him] bogus misconducts."   Amended Complaint at 9. Not included in the formal counts are other conclusory allegations of retaliation including a claim that Defendant Price filed a "bogus misconduct" and that Defendant McCoy "had him punished for trying to file legal papers on her."   Amended Complaint at 3.   These assertions of wrongdoing are not sufficiently supported by factual allegations to "nudge[]" Plaintiff's claims "across the line from conceivable to plausible."   *Ashcroft v. Iqbal*, at 1951 (quotation and citation omitted).   Moreover, the allegations are not supported by a showing that but for a retaliatory motive, the misconduct reports would not have been lodged against Plaintiff.

Plaintiff could state a valid retaliation claim for events occurring in October 1997, however, his claim would be time barred. The period of limitations for section 1983 actions is governed by the personal injury statute in the state where the cause of action accrues. *See Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009). In Oklahoma, the limitations period for a personal injury action is two years. *See* Okla. Stat. tit. 12, § 95(A)(3); *see also Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988) (holding that in Oklahoma, the applicable period of limitations for a section 1983 action is two years). In this case, any claims arising prior to March 3, 2007, are barred by the two-year limitation period.

### 2.     Due Process Violations in Prison Disciplinary Proceedings

Plaintiff also states that he has been denied due process in both the hearing and appeal processes of every misconduct with which he has been charged. Amended Complaint at 4.[5] In his Request for Relief, Plaintiff asks this Court to order Defendants to reverse all misconduct convictions and expunge them from his record. Amended Complaint at 6. The relief Plaintiff seeks is in the nature of habeas relief and should be brought in a habeas petition pursuant to 28 U.S.C. § 2241. *See Dulworth v. Evans*, 442 F.3d 1265, 1268 (10th Cir. 2006) (petition challenging execution of sentence properly brought pursuant to 28 U.S.C. § 2241). *See also Sherratt v. Friel*, 263 Fed. Appx. 664, 665 n.1 (10th Cir. Feb. 4, 2008)

---

[5]In Count IV, Plaintiff alleges that acts or omissions of Defendants have violated the Fourteenth Amendment by denying due process in prison misconduct hearings and appeal processes. Amended Complaint at 10. In Count VI, Plaintiff alleges that Defendants have refused to apply Tenth Circuit case law to his Class X misconducts and that the sanctions he has received for misconduct convictions were more severe than the sanctions other prisoners received. Amended Complaint at 7. These allegations are also in the nature of habeas claims.

(habeas-type claims challenging prison disciplinary proceedings would be properly brought pursuant to 28 U.S.C. § 2241) (unpublished op.).

### 3.    <u>Discrimination</u>

Plaintiff contends that all Defendants have discriminated against him on the basis of his sex, age and religion, in addition to their alleged discrimination on the basis of his disabilities and handicaps discussed above. Amended Complaint at 4. Specifically, Plaintiff states that the ODOC is discriminating against him in "designing policies and programs, early release, and practices to release women prisoners from prison who committed the same or worse crimes than Plaintiff." Amended Complaint at 7. This claim is also a challenge to the execution of Plaintiff's sentence – a claim properly brought pursuant to 28 U.S.C. § 2241. *See* discussion *supra* at 8-9. Moreover, Plaintiff's bare allegations of discrimination are conclusory and do not state claims upon which relief may be granted. *See* discussion *supra* at 2-3; *see also Ashcroft v. Iqbal*, 129 S.Ct. at 1951.

### 4.    <u>Access to the Courts</u>

Plaintiff next states that Defendants have denied or hampered his access to the courts by confiscating his funds without due process and stopping legal mail from reaching the courts, by charging fees to file a grievance to exhaust remedies for court, and by charging fees to cover the full cost of photocopies, paper and legal supplies and to make a 300% profit, all in an effort to discourage inmates from accessing the courts. He further alleges that Defendants have suspended his rights to "habeas corpus, due process and equal application of the laws in state courts and state agencies actions." Amended Complaint at 9. Although

the Supreme Court has recognized a fundamental constitutional right of access to the courts, *see Bounds v. Smith*, 430 U.S. 817, 828 (1977), the Court has made it clear that prisoners are entitled to meaningful, but not total or unlimited, access to the courts. *Id.* at 823.  Further, a prisoner's contentions of deprivation of access to courts must show actual injury, not mere deprivation, as a "constitutional prerequisite" to bringing a claim. *Lewis v. Casey*, 518 U.S. 343, 351 (1996).  The right to access the courts prohibits prison officials from affirmatively hindering a prisoner's efforts to construct a nonfrivolous appeal or claim. *See Green v. Johnson*, 977 F.2d 1383, 1389-90 (10th Cir. 1992).  The Supreme Court's cases establishing a right to access the courts "rest on the recognition that the [constitutional] right [of access to courts] is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Therefore, "the underlying cause of action . . . is an element that must be described in the complaint . . . ." *Id.*  When, as here, a plaintiff has attempted to state a "backward-looking" claim of denial of access to the courts, the Supreme Court has emphasized "the need for care in requiring that a predicate claim be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Id.*  To the extent that Plaintiff is attempting to state a "forward-looking" claim to "remove roadblocks to future litigation," Plaintiff must still "identify a 'nonfrivolous,' 'arguable' underlying claim." *Id.* (*citing Lewis v. Casey* at 353).  Plaintiff's Amended Complaint is

deficient in this respect.  Plaintiff does not describe a nonfrivolous claim that he has been

prevented from bringing before the courts.[6]

### 5.    Control of Assets

Plaintiff also contends that Defendants have punished or prevented him from

controlling his "pre-prison assets, including Christian Church and religious assets," and have

investigated his "prison business dealings" in violation of 12 U.S.C. § 3401-22.  Amended

Complaint at 9.  As discussed *supra* at 4, this statute applies only to financial institutions, not

to prison officials.  Plaintiff's allegation that these acts have violated his "religious rights"

is no more than a legal conclusion which is not entitled to the presumption of truth and does

not, therefore, state a claim upon which relief may be granted.  If Plaintiff is alleging a

constitutional violation based on Defendants' having taken unidentified property without due

process, his claim is not cognizable in this action.  Plaintiff has not alleged that any of his

---

[6]In Count II, Plaintiff again states in conclusory fashion that he has been denied access to the courts.  Amended Complaint at 4.  In Count III, Plaintiff states that he has been denied access to appeals because he is forced to pay a filing fee he is too poor to pay, that he has been denied his "accrued" right to free legal mail, that he has been deprived of a law library, and that he was denied the right to file a first 28 U.S.C. § 2254 habeas action.  Amended Complaint at 10.  These statements are liberally construed as claims based on denial of access to the courts.  None, however, states a claim upon which relief may be granted.  As with the access to the courts claims asserted in Count I, the claims in Counts II and III are deficient because Plaintiff has not described any nonfrivolous underlying claims and has not alleged actual injury.  *See* discussion *supra* at 11-12.  Moreover, the alleged denial of access to a law library, standing alone, does not state a claim upon which relief may be granted.  The Supreme Court has explained, "prison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (internal quotations omitted).  Additionally, "an indigent prisoner's right of access to the courts does not require provision of unlimited free postage for sending legal mail." *United States v. Gray*, 182 F.3d 762, 766 (10th Cir. 1999) *(citing Twyman v. Crisp*, 584 F.2d 352, 359 (10th Cir. 1978)).

property was taken pursuant to a state policy, procedure or practice.  Therefore, Plaintiff has an adequate state law post-deprivation remedy.  *See Hudson v. Palmer*, 468 U.S. 517 (1981); *see also Walters v. Corrections Corporation of America*, 119 Fed. Appx 190, 192 (10th Cir. Dec. 7, 2004) (availability of post-deprivation remedy is irrelevant and does not bar civil rights claim only in cases involving deprivation of property pursuant to a policy) (unpublished op.).[7]

**B.**     **Count II**

In Count II, Plaintiff contends that his rights under the First, Fifth, Eighth and Fourteenth Amendments have been violated in that Defendants have refused to comply with the Statehood Charter, State and Federal Constitutions, and State or Federal Supreme Court holdings as well as State and Federal statutes.

**1.     Challenges to State Court Conviction and Sentence**

Plaintiff claims that Defendants have taken away accrued rights by changing the scheme under which he was sentenced, resulting in harsher punishment than that to which he was sentenced.  He also claims that Defendants have taken away his rights to benefit from decisions of the United States Supreme Court and decisions from the Oklahoma Supreme Court in violation of the Double Jeopardy Clause.  Plaintiff also challenges the repeal of portions of the 1997 Truth in Sentencing Act.  Amended Complaint at 4, 9.  In his Request

---

[7]In Count III, Plaintiff states Defendants have placed "bogus charges" on his "prison co-pay account" and taken all of his funds without due process.  Amended Complaint at 9.  The availability of an adequate post-deprivation remedy precludes this claim as well.

for Relief, Plaintiff seeks an order requiring Defendants to "apply all 10th Cir. and U.S.

Supreme Court holdings to Plaintiff's conviction and sentences if they benefit him in any

way" and to "allow a new Direct Appeal of Plaintiff's state CRF-91-194 conviction without

hampering or interference by state actors or to allow and hear on the merits a state habeas

corpus with counsel appointed to assist Plaintiff."  Amended Complaint at 6.  These claims

are also in the nature of habeas claims, and the relief Plaintiff seeks is not available in a civil

rights action.  As discussed *supra* at 9-10, claims challenging the execution of a prisoner's

sentence are properly brought pursuant to 28 U.S.C. § 2241.  The challenges to the validity

of Plaintiff's state court conviction and sentence, however, must be brought pursuant to 28

U.S.C. § 2254.  *See Peters v. Heredia*, No. 08-2247, 2009 WL 1877425 at *2 10th Cir. Jul.

1, 2009) (holding that a challenge to the execution of a prisoner's sentence should be brought

under 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254 which is used to challenge the fact of

a conviction) (unpublished op.).[8]

---

[8]In Count IV, Plaintiff contends that Defendants and their agents have refused to apply holdings in cases issued by the United states Supreme Court and the Tenth Circuit Court of Appeals to his conviction and sentence.  Amended Complaint at 7.  He further alleges that Defendants have refused to apply the Criminal Rules of Procedure to his state court trial, appeal, sentence, or sentence administration.  Amended Complaint at 7.  He states that Defendants have violated his due process rights and discriminated against him by declining jurisdiction in State courts and refusing to allow him to present his case, litigate matters in controversy, or establish a record for appeal.  Amended Complaint at 10.  In Count VI, Plaintiff again challenges his state court conviction, claiming that he was denied an appeal.  He further challenges his sentence as excessive.  Amended Complaint at 7.  These claims, too, are habeas claims improperly asserted in this action.

## 2.   **Early Release and Parole**

Plaintiff also contends that Defendants have taken away early release opportunities and programs available to female and Mexican prisoners and prevented parole recommendations for or against parole from going to the Governor.  Amended Complaint at 9.  Plaintiff's claims regarding early release and parole do not state a claim of constitutional proportions.  Plaintiff "does not even have a constitutionally protected right to be conditionally released before the expiration of his sentence." *Wilson v. Oklahoma*, No. 09-6058, 2009 WL 1863678 at *2 (10th Cir. Jun. 30, 2009) (*citing Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979)).  To the extent that this claim could potentially be construed as arising under the Equal Protection Clause, it is still subject to dismissal.  An equal protection claim requires a threshold allegation that the plaintiff was treated differently from similarly situated individuals.  *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  Plaintiff's Complaint lacks sufficient factual allegations to meet this threshold requirement.  The bare allegation in his Amended Complaint is too conclusory to even permit a proper legal analysis.  *See Brown v. Zavaras*, 63 F.3d 967, 971 (10th Cir. 1995) (stating that complaint's allegations were "too conclusory" to allow for complete equal protection analysis).[9]  Plaintiff's claims in Count II do not state claims upon which relief may be granted.

---

[9]The same is true of Plaintiff's claim in Count VI where he states that Defendants have imposed the same punishment for Plaintiff's rule violations that other prisoners receive for statutory violations.  Amended Complaint at 7.

C. **Count III**

In Count III, Plaintiff challenges various conditions of his confinement under the Eighth Amendment. "The Eighth Amendment's prohibition of cruel and unusual punishment imposes a duty on prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from serious bodily harm." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008) (*citing Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Ramos v. Lamm*, 639 F.2d 559, 566 (10th Cir. 1980)). This "minimum standard" does not, however, "impose constitutional liability on prison officials for every injury suffered by an inmate." *Tafoya* at 916. Establishing an Eighth Amendment conditions-of-confinement claim requires a showing (1) that objectively, the deprivation was "sufficiently serious so as to deprive inmates of the minimal civilized measure of life's necessities . . . [or] so as [to] constitute a substantial risk of serious harm," and (2) that subjectively, the defendants "act[ed] or fail[ed] to act with deliberate indifference to inmate health and safety." *Shannon v. Graves*, 257 F.3d 1164, 1168 (10th Cir. 2001) (quotations omitted).

1. **Medical and Mental Health Services**

Plaintiff first claims that he has been denied medical and mental health services. Amended Complaint at 5, 9. Then, in a seemingly contradictory statement, he alleges that Defendants' have used "unlicensed medical and mental health employees to evaluate, [diagnose], treat, dispense medication and/or write false or create false or incorrect medical/mental health records on Plaintiff." Amended Complaint at 9. Plaintiff neither

16

specifies which defendants have denied him medical and mental health services, nor does he indicate what services he has requested and been denied.   Additionally, Plaintiff does not allege that he has suffered harm from the alleged deprivation.   Plaintiff's conclusory allegations are not supported by sufficient facts to meet either the objective or subjective prong of the test for an Eighth Amendment claim based on deliberate indifference to serious medical needs.   It is therefore recommended that this claim be dismissed.

### 2.   Free Medical Care

Plaintiff further contends that he has been deprived of "accrued" rights to free medical services.  Amended Complaint at 10.  The fact that a prisoner is charged a fee for medical services does not, standing alone, state an Eighth Amendment claim.[10]  *See Martinez v. Zadroga*, 213 Fed. Appx. 729, 732 (10th Cir. Jan. 24, 2007) (requirement of medical co-pay does not violate Eighth Amendment where prisoner was not deprived of services due to lack of funds) (unpublished op.).  *See also Reynolds v. Wagner*, 128 F.3d 166, 174 (3d Cir.1997) (prisoner co-payment plan does not violate the Eighth Amendment); *Hudgins v. DeBruyn*, 922 F.Supp. 144, 150-52 (S. D. Ind.1996) (same); *Martin v. DeBruyn*, 880 F.Supp. 610, 615 (N.D. Ind.1995), aff'd, 116 F.3d 1482 (7th Cir. 1997) (Eighth Amendment guarantees only that inmates receive necessary medical care; it does not guarantee free medical care).

---

[10]Plaintiff does not allege that he has been denied medical and mental health services because he lacks funds for a co-payment.

### 3.    Lock Down Status

Plaintiff next states that the facility in which he is incarcerated was placed on "bogus lock down status" so that the facility could get more federal money with which to give raises to prison officials.  Amended Complaint at 10.  This allegation does not rise to the level of a constitutional claim, even if Plaintiff is attempting to state a claim that he was being punished without procedural due process.  Procedural due process is required before prison officials can place further restrictions on the conditions of a prisoner's confinement only when the prisoner has a liberty interest in his place or the conditions of his confinement.  A protected liberty interest in place or conditions of confinement arises only when the change "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Trujillo v. Williams*, 465 F.3d 1210, 1225 (10th Cir. 2006).  Plaintiff has alleged no facts to indicate that the "bogus lock down" resulted in atypical and significant hardship in relation to the ordinary incidents of prison life.  Plaintiff has not, therefore, stated a claim upon which relief may be granted.

### 4.    Failure to Protect

Plaintiff contends that Defendants have created "a hostile living environment" by intentionally placing violent gang members with non-violent, non-gang members.  He also states that he is forced to drink poisoned water and has been denied the installation of an emergency device in his prison cell.  Amended Complaint at 10.  These allegations are liberally construed as failure-to-protect claims.  An Eighth Amendment claim for failure to

protect is comprised of two elements. First, an inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. Second, the inmate must establish that the prison official has a sufficiently culpable state of mind, i.e., that he or she is deliberately indifferent to the inmate's health or safety. As with other Eighth Amendment claims, the prison official's state of mind is measured by a subjective, rather than an objective, standard. In other words, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See Jordan v. Doe*, 15 Fed. Appx. 564, 566, (10th Cir. 2001) (*citing Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996) (internal quotation marks omitted)) (unpublished op). None of these allegations states an Eighth Amendment claim. Plaintiff's allegation of a "hostile living environment" does not show "substantial risk of serious harm." Further, the allegation that Defendants have intentionally created the hostile living environment to cause "problems [for] non-gang, non-violent prisoners" which "Defendants can exploit" is conclusory and not entitled to the presumption of truth. Plaintiff's claim regarding the "poison water" states that some prisoners and staff members have died because of the water and that "state health personnel" have known about the water quality since 2000. Amended Complaint at 10. The Eighth Amendment does protect prisoners from being exposed to conditions "that pose an unreasonable risk of serious damage to [the inmate's] future health." *Helling v. McKinney*, 509 U.S. 25, 35 (1993). But the circumstances in *Helling* were qualitatively different from the circumstances in this case. In *Helling*, the Supreme Court found that a prisoner satisfied the objective prong of an Eighth Amendment

claim by alleging that prison officials were exposing him to environmental tobacco smoke

("ETS") that posed "an unreasonable risk of serious damage to his future health."  McKinney

had been serving a sentence in the Nevada State Prison and was assigned to a cell with

another inmate who smoked five packs of cigarettes a day. *Id.* at 28.  Scientific evidence was

presented to the lower court demonstrating that sufficient exposure to ETS could endanger

one's health. *Id.* at 29.  The Supreme Court found that McKinney had satisfied the objective

component for an Eighth Amendment claim by alleging that the Nevada State prison officials

had exposed him to levels of ETS that presented an unreasonable risk of serious damage to

his future health.  *Id.* at 34.  In *Helling*, the future risk to McKinney's health posed by

exposure to ETS was readily identifiable and backed by scientific data.  Here, any future

impact on Plaintiff's health from the allegedly "poison water" is based totally on speculation,

is not backed by any evidence whatsoever, and is implausible.  Even if Plaintiff could

produce evidence that the water provided to the facility in which he is incarcerated is

somehow polluted and dangerous, Plaintiff's allegation that staff members have died from

drinking the water precludes a showing of subjective intent.  It is not plausible that

Defendants are deliberately indifferent to risk of serious harm to themselves and their

employees.  Plaintiff has therefore failed to allege sufficient facts to satisfy the either

requirement of an Eighth Amendment claim.

### 5.  **Claims against State Courts**

Plaintiff alleges violation of his Eighth Amendment right to be free of cruel and

unusual punishment by the state courts.  This claim is based on Plaintiff's contention that the

state courts have refused to rule on a motion for a new trial and a motion for post-conviction relief and have refused to address the merits of any pleading.  Amended Complaint at 10. This claim does not arise under the Eighth Amendment because it does not allege an extreme deprivation "denying the minimal civilized measure of life's necessities."  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (internal quotation marks omitted).  Moreover, this Court has no authority to "direct state courts or their judicial officers in the performance of their duties."  *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n. 5 (10th Cir. 1986) (quotation omitted); *see also Smith v. United States Ct. of Appeals, Tenth Cir.*, 484 F.3d 1281, 1287 (10th Cir. 2007) ("declin[ing] to recast [plaintiff's] request for mandamus as a § 1983 claim" and "adher[ing] to our general prohibition on issuing a writ of mandamus to a state court judge").  Plaintiff has not, therefore stated a claim upon which relief may be granted.

### D.    Count IV

In addition to claims previously discussed, Plaintiff challenges the lack of appeal process for parole docket dates and prison classification decisions.  Amended Complaint at 10.  These claims do not rise to the level of constitutional violations.

#### 1.    Parole Docket Dates

The Tenth Circuit Court of Appeals has held that the Oklahoma statutes governing parole and preparole procedures create no liberty or property interest because parole decisions lie firmly within the discretion of the Parole Board, the Department of Corrections, and/or the governor.  *See Boutwell v. Keating*, 399 F.3d 1203, 1213-15 (10th Cir. 2005) (holding inmate had no due process interest in preparole where statute placed no limitations

on the Board's decision to recommend preparole placement or Department of Corrections' decision to grant or deny preparole); *see also Shirley v. Chestnut*, 603 F.2d 805, 807 (10th Cir. 1979) (holding inmate had no due process interest in parole where statute placed no limitations on Parole Board's decision to recommend parole or governor's decision to grant or deny parole). It follows that lack of an appeal process in which a prisoner could challenge his parole docket date does not implicate the Due Process Clause.

### 2.   Prison Classification Decisions

Likewise, prisoners generally have no liberty or property interest in a specific classification or housing assignment unless the classification imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. Plaintiff's conclusory challenge to the lack of appeal process for prison classification decisions does not allege any facts to support a conclusion that the prison classification system has created a liberty or property interest requiring an appeal of classification decisions.

### E.   Count V

In Count V, Plaintiff claims that Defendants altered the scheme under which he was sentenced. Amended Complaint at 7. This claim could be construed as a challenge either to the execution of his sentence or a challenge to the fact of his sentence based on the Ex Post Facto Clause. In either case, this claim would have to be brought in a habeas action and should be dismissed.

### F.    Count VI

In addition to the claims previously discussed, Plaintiff challenges Defendants' decision to restrict his access to the grievance process without having afforded him due process.  Amended Complaint at 7.  He also states that Defendants have discriminated against him by "refusing to investigate state bar association members and officers of this Court and refusing to follow the American Bar Association's February 2006 directions on post-conviction applications.  Amended Complaint at 7.

#### 1.    Grievance Restrictions

Defendants' imposition of grievance restrictions filed by Plaintiff does not state a claim upon which relief may be granted.  Grievance programs created by state law are not required by the Constitution.  *See Shell v. Brzezniak*, 365 F. Supp. 362, 370 (W.D.N.Y. 2005) (inmate grievance programs created by state law are not required by the Constitution and consequently allegations that prison officials violated those procedures does not give rise to a cognizable § 1983 claim); *see also Hornsby v. Jones*, 188 Fed. Appx. 684, 6901 (10th Cir. Jun. 26, 2006) (an inmate's rights are not *per se* compromised by the prison's refusal to entertain his grievances) (*citing Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)).  Since there is no constitutional right to a grievance procedure, it follows that a restriction on the number of grievances a prisoner can file does not give rise to a cognizable constitutional rights claim.

### 2.    Refusal to Investigate Bar Association Members and Court Officers

Plaintiff cites no authority for the proposition that any of the Defendants had the authority to investigate members of the State Bar Association or officers of this Court. Accordingly, this contention fails to state a claim upon which relief may be granted.

### 3.    Post Conviction Recommendations

Plaintiff is apparently challenging the State's alleged refusal to follow recommendations of the American Bar Association for altering the State's post-conviction procedures. This claim, too, is unsupported by legal authority. Moreover, Plaintiff has failed to identify the recommendations to which he is referring. This allegation does not state a claim upon which relief may be granted.

## IV.    Motions for Preliminary Injunctions

Plaintiff has filed an Emergency Petition to Judge Couch and Notice of Pending Murder [Doc. #35] in which he asks this Court to order Defendants to return him to the general population and to prevent Defendants from transferring him to another facility. He has also filed an Emergency Motion for Temporary Injunction against Diana Price, DOC Legal Division and All Staff at Mack Alford Correctional Center [Doc. #35] in which he claims that Defendant Price intercepted a letter mailed to "a Christian Minister concerning the business [Defendant Price] owns 25% of and operated[.]" He further states that Defendant Price lodged another "bogus misconduct" against him in retaliation for his having filed this suit.

24

These motions seek preliminary injunctive relief. To obtain a preliminary injunction, a party must establish "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *see also Penn v. San Juan Hospital, Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975) (stating that one seeking a preliminary injunction must present "clear proof that he will probably prevail when the merits are tried, so to this extent there is a relation between temporary and permanent relief" (citations omitted)). Additionally, the movant must demonstrate:

> (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest.

*General Motors Corporation v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 10th Cir. 2007) (citations omitted).

In light of the recommendation that Plaintiff's Amended Complaint be dismissed *sua sponte*, Plaintiff has no likelihood of success on the merits as to those claims which relate to Plaintiff's allegation.[11] It necessarily follows that Plaintiff cannot show that he will suffer irreparable harm or that the alleged threatened injury would outweigh the harm to Defendants. Finally, the relief Plaintiff seeks would directly impact the day-to-day operation, and possibly the safety, of the prison facility in which he is incarcerated – a result that could

---

[11]Petitioner's assertion that Defendant Price seized a letter addressed to a "Christian Minister" does not rise to the level of a constitutional violation and is unrelated to the claims in Plaintiff's Amended Complaint.

adversely affect the public interest.  For these reasons, Plaintiff's motions for preliminary injunctive relief should be denied.

## RECOMMENDATION

It is recommended that Plaintiff's Amended Complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. §1915(e)(2)(B)(ii).  The dismissal should be counted as a "prior occasion" or "strike" pursuant to 28 U.S.C. § 1915(g) after Plaintiff has exhausted or waived his right to appeal.  *See Jennings v. Natrona County Detention Center Medical Facility*, 175 F.3d 775, 780 (10th Cir. 1999).  It is further recommended that Plaintiff's motions for injunctive relief [Doc. ##35, 36] be denied.  It is recommended that Plaintiff's Motion to Clarify by Court be granted.  It is recommended that Plaintiff's remaining motions [Doc. ##25, 28, 29, 30, 31, 34 and 39]  be denied as moot.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation.  *See* 28 U.S.C. § 636.  Any objections must be filed with the Clerk of the District Court by August   19th  , 2009.  *See* LCvR72.1.  Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## <u>STATUS OF REFERRAL</u>

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this __30th__ day of July, 2009.

 

 

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE