## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

ROBERT E. COTNER, )
)
                Plaintiff, )
vs. )
)
STATE OF OKLAHOMA, RON )
ANDERSON, Attorney; JUSTIN JONES, )    NO. CIV-09-0239-HE
Director, ODOC; DYANNA PRICE; )
OKLAHOMA BOARD OF CORRECTIONS; )
PAROLE BOARD; STATE COURTS; and )
GENESE MCCOY, )
)
             Defendants. )

## ORDER

Plaintiff Robert E. Cotner, a state prisoner appearing *pro se* and *in forma pauperis*, has filed this action alleging violations of state laws, federal laws, and the Constitution by numerous defendants. There are seventeen pending motions. Consistent with 28 U.S.C. § 636(b)(1)(B) & (C), the matter was referred for initial proceedings to Magistrate Judge Valerie K. Couch.

Judge Couch has made recommendations with regard to the nine motions pending at the time of the referral. Specifically, the magistrate judge recommends that plaintiff's Amended Complaint be dismissed *sua sponte* for failure to state a claim upon which relief may be granted. Further, she recommends that the dismissal be counted as a "prior occasion" or "strike" pursuant to 28 U.S.C. § 1915(g), and that the plaintiff's motions for appointment of counsel, discovery, and investigation of the legal mail system [Doc. Nos. 25, 28, 31, & 34]

1

be denied.  Finally, Judge Couch recommends that plaintiff's motion seeking clarification of the amount of his filing fee [Doc. #39] be granted.

As the magistrate judge noted, plaintiff's amended complaint "consists of a rambling, jumbled, repetitive and largely conclusory litany of alleged violations of statutory and constitutional rights."  As the Report and Recommendation properly concluded, none of plaintiff's purported claims are sufficiently pled or supported.  Plaintiff asserts claims under 29 U.S.C. § 794, which prohibits disability-based discrimination in the administration of federal grants and programs, but does not allege that he has been excluded from participation in any such program, grant, or activity.  Plaintiff asserts claims under 42 U.S.C. § 1981, which prohibits discrimination based on race, but does not allege that he has been discriminated against because of his race, nor that he is a member of a protected class.  Title 12 U.S.C. §§ 3401-3422 place certain obligations on financial institutions to protect individuals' financial privacy; plaintiff has not named any such "financial institution" as defined in § 3401.  The Americans with Disabilities Act ("ADA") prohibits public entities from discriminating against qualified individuals with disabilities.  Although plaintiff makes the broad conclusory allegation that "all Defendants discriminate against Plaintiff because of his . . . disabilities and handicaps," he has offered no facts suggesting that he has a qualifying disability or meets any of the other requirements for recovery under the ADA.

Although plaintiff objects to the testing of his purported constitutional claims against the standards of 28 U.S.C. § 1983, the nature of the asserted claims make his objections unpersuasive.  Judge Couch properly analyzed plaintiff's constitutional claims under § 1983.

2

Plaintiff has also objected to the magistrate judge's conclusion that he has not stated a claim under § 1983 or otherwise. He asserts that his claims have been reviewed — and found legally sufficient — by retired United States Supreme Court justices O'Connor and Suiter, retired United States District Judge Brett, and retired United States Magistrate Judge Wagner. Plaintiff's unsupported assertions to this effect leave the court somewhat skeptical as to the truth of the assertions, but convinced of the merit of Judge Couch's suggestion that this case count as a "strike" for purposes of 42 U.S.C. § 1915(g). The magistrate judge properly concluded that, in general, "[p]laintiff's assertions of wrongdoing are not sufficiently supported by factual allegations to 'nudge[]' plaintiff's 'claims across the line from conceivable to plausible,'" as required by <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). Moreover, to the extent plaintiff's claims challenge his conviction and sentencing, they must be brought in a habeas petition pursuant to 28 U.S.C. § 2241, as noted by the magistrate judge.

Subsequent to the filing of the Report and Recommendation, plaintiff filed various motions and notices, including an "Emergency Petition," "Notice of Pending Murder," and "Emergency Petition for Temporary Injunction" [Doc. Nos. 35, 57], requesting injunctive relief returning him to the general population, preventing his transfer to another facility, and directing certain actions as to his trust account. He has not alleged any meaningful effort to address these claims administratively and, in light of the nature of these and plaintiff's other claims, has not shown a likelihood of success on the merits or that he will suffer irreparable harm.

Plaintiff has also moved the court to clarify the amount of filing fees he owes in this case. Plaintiff argues the Prison Litigation Reform Act ("PLRA") does not apply to civil suits brought under the ADA and the Institutionalized Persons Act. However, even if that were the case, the court by this order dismisses any claims plaintiff asserts under the ADA. As the PLRA is applicable to plaintiff's remaining claims, the filing fees charged to plaintiff are proper.

After de novo review, the court adopts the Report and Recommendation for substantially the same reasons as stated by the magistrate judge. Plaintiff's amended complaint is **DISMISSED** *sua sponte*. 28 U.S.C. §1915A(b)(1). After the plaintiff has exhausted or waived his right to appeal, the dismissal will count as a "prior occasion." 42 U.S.C. §1915(g). Plaintiffs motion for injunctive relief is **DENIED** [Doc. Nos. 35, 36, & 57]. Plaintiff's motions requesting appointment of counsel, discovery, investigation of the legal mail system, hearings, and emergency notification are **DENIED** [Doc. Nos. 25, 28, 29, 30, 31, 34, 39, 43, 44, 46, 49, & 53]. Plaintiff's motion to clarify is **GRANTED** [Doc. #39] as set forth above. Another inmate, Terry Rhine, has filed a motion to intervene in this case [Doc. #52], suggesting he is a witness and has evidence as to plaintiff's claims. The motion is **DENIED**, as it does not state a proper basis for intervention in the case. Fed. R. Civ. Pro. 24. Mr. Rhine has also filed motions for a temporary restraining order [Doc. #50]. As Mr. Rhine is not a party, the motion is **STRICKEN**.

**IT IS SO ORDERED**.

Dated this 11th day of December, 2009.

_____

JOE HEATON
UNITED STATES DISTRICT JUDGE